JONES, Justice:
In the Circuit Court of Marshall County, appellant sued appellee for damages because of injuries suffered as hereinafter stated. The jury found for appellee. We reverse and remand for another trial.
About 7:00 p. m. on April 11, 1966, appellant on his way from Memphis in his car, after leaving the community of Victoria, about fifteen miles northwest of Holly Springs, approached a pickup truck traveling in the opposite direction. Appellant’s wife and baby and two friends, Mr. and Mrs. Jeff Smith, were with him. The pickup truck driven by appellee was towing a wagon.
A short distance before the appellant’s car met the pickup truck, the wagon came loose and crossed over into appellant’s lane, too late for appellant to stop. He therefore, in dodging the wagon, turned off the road into a low place several feet below the highway. Meanwhile, another car traveling behind the pickup truck, struck the wagon and knocked it onto appellant’s car.
Appellant was injured, the details thereof not being necessary to this decision. The case was tried in November 1967, nearly eighteen months after the accident.
A detective agency was employed to keep a surveillance on appellant about two weeks before the trial, (sixteen months after the accident). They found he attended some cattle sales, drove his truck, and fed some cattle at his barn. They took moving pictures of his activities for about three days.
A physician, who saw him soon after the accident, testified as to his injuries.
There was practically no conflict in the evidence as to the accident.
In this situation, appellee obtained this instruction, which is assigned as error:
The Court instructs the jury for the Defendant, Charlie Riley, that before you can return a verdict in this case against the Defendant, Charlie Riley, the Plaintiff, Bobby Boatwrifht (sic), must prove by a preponderance of the evidence in this case each and every material allegation in his declaration and you are further instructed that the allegation in the declaration “THAT BY REASON OF THE AFORESAID CARELESS, NEGLIGENT AND WRONGFUL CONDUCT OF THE DEFENDANT PLAINTIFF SUSTAINED SEVERE INJURIES THAT APPEAR TO BE PERMANENT. HIS LEFT ARM WAS TWISTED, HIS NECK AND UPPER BACK WERE JERKED AND TWISTED, HIS LOWER BACK WAS INJURED CAUSING PAIN TO RADIATE DOWN HIS RIGHT LEG. HE CONTINUES TO HAVE HEADACHES, HIS BACK, NECK AND ARM CONTINUE TO PAIN HIM, HE HAS LOST A GREAT PART OF HIS STRENGTH AND USE OF HIS LEFT ARM, * * * ”, is a material allegation and such an allegation as the Plaintiff must prove by a preponderance of the evidence before you can return a verdict against the Defendant, Charlie Riley.
This instruction is clearly erroneous. Under it the jury might believe that his back, neck, and arm were injured, but unless such injuries continue to pain him, the jury should find for appellee. They could not find for plaintiff unless they believed every statement quoted from the *815 declaration — one, two, or three injuries would not suffice but it had to be all including the asserted results. This, in conjunction with the pictures taken by the private investigators nearly eighteen months after the accident, could, unquestionably, mislead the jury.
Appellant also complains of these two instructions:
The Court instructs the jury for the Defendant, Charlie Riley, that even if you believe from the evidence that the Defendant was negligent in allowing the wagon which he was towing with his truck to break loose from his truck as he proceeded on Highway No. 78 and if you further believe from the evidence that at the time of the accident the Plaintiff was not operating his motor vehicle with due care and caution and in a reasonable manner but was operating his motor vehicle at a high and excessive rate of speed contrary to the posted speed limits at the point of said accident and was himself, guilty of negligence that approximately contributed to his injury, if any, the Court instructs you, that you must in this event, reduce the damages for such injury, in proportion to the negligence contributed by Plaintiff, which resulted in his injury, if any.
The Court instructs the jury for the Defendant, Charlie Riley, that it is duty of a driver of an automobile to drive carefully, keep a lookout ahead and to keep his automobile under control in order to avoid colliding with objects in fromt (sic) of him; and that a failure to do so is negligence. And you are further instructed that if you believe that the Plaintiff, Bobby Boatwright, did not keep a lookout ahead and did not keep his automobile under control and as a result thereof ram (sic) his vehicle into a ditch, and that such failure was the sole proximate cause of the accident then your verdict must be in favor of the Defendant, Charlie Riley.
Neither of these instructions was supported by the evidence and should not have been given.
The case is reversed and remanded for another trial.
Reversed and remanded for another trial.
ETHRIDGE, C. J., and RODGERS, BRADY, and INZER, JJ., concur.